IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NATASHA MONTEZ-FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-0144-DGK |
| | ) | |
| B&C RESTAURANT CORPORATION, | ) | |
| d/b/a THE HEREFORD HOUSE | ) | |
| AND SKIVERS CORPORATION, d/b/a | ) | |
| ANDERSON RESTAURANT GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION**

This case arises out of Plaintiff's employment as a server and bartender with Defendant B&C Restaurant Corporation d/b/a The Hereford House. Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Missouri state law, Mo. Rev. Stat. § 290.500, by willfully failing to pay her the minimum wage and overtime compensation due. Defendant denies the allegations.

Now before the Court is the parties' joint motion (Doc. 27) to dismiss Plaintiff's individual claims with prejudice and the class claims without prejudice. Before discussing the merits of the motion, a brief review of the procedural history of this case would be helpful.

The parties previously sought approval of a motion (Doc. 20) to conditionally certify an FLSA collective action class. The Court denied the motion without prejudice (Doc. 21) because the parties did not provide a factual record demonstrating why the Court should conditionally certify this case as a collective action.

The parties then filed a "Joint Stipulation of Dismissal with Prejudice" (Doc. 23) in which Plaintiff attempted to dismiss her case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). The Court struck this motion because the Eighth Circuit has ruled that where

an employee has sued a private employer for violating the FLSA, in order for any settlement to have a res judicata effect, the settlement must be (1) approved by the court as a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and (2) entered by the court as a stipulated judgment. *Copeland v. Abb, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)); *see also Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) (citing *Copeland*, 521 F.3d at 1014) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment.")

Now in their latest motion, the parties argue Plaintiff may dismiss this lawsuit under Rule 41(a)(1) without court review of the proposed settlement because it settles Plaintiff's individual claims only, and not the claims of a collection action class. Relying on a short paragraph in a brief district court order,[1] the parties suggest the Court should apply three criteria and find unequal bargaining power is not a concern in this case, thus court review is unnecessary. These criteria are: (1) the lawsuit is not a collective action; (2) the plaintiffs were represented from the time the complaint was filed through the conclusion of the settlement negotiations; and (3) all the parties indicate in writing that they do not want the court to review the settlement. Alternately, the parties argue that if the Court determines court approval is necessary, then the proposed agreement should be filed under seal and the review performed in camera.

A. **The Court is required to approve the proposed settlement and enter a stipulated judgment in order for the proposed settlement to have a res judicata effect.**

The Court is not persuaded that it can enter a stipulated judgment without approving the settlement for three reasons. First and most importantly, the Eighth Circuit has ruled that once "an employee brings suit directly against a private employer" the district court must approve the

---

[1] *Schneider v. Habitat for Humanity International*, No. 5:14-cv-5230, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015).

settlement and enter "a stipulated judgment" in order for any settlement to have a res judicata effect. *Copeland*, 521 F.3d at 1014 (citing *Lynn's Food Stores*, 679 F.2d at 1353); *see also Beauford*, 781 F.3d at 406 (citing *Copeland*). Although *Copeland* does not use the exact words "the district court must approve the settlement," it directly cites that portion of *Lynn's Food Stores* which states, "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Thus, the most reasonable reading of *Copeland* is that a court must review any proposed FLSA settlement before entering a stipulated judgment. This is the position shared by the other district court in the Eighth Circuit that has considered the *Copeland* decision. *Loseke v. Depalma Hotel Corp.*, No. 4:13-cv-3191, 2014 WL 3700904, at *1 (D. Neb. July 24, 2014) (citing *Copeland* and holding that "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the Court may enter a stipulated judgment *after scrutinizing the settlement for fairness*.") (emphasis added). *Copeland* is Eighth Circuit caselaw, and the Court is obliged to follow it.

Second, it is unnecessary to engage in the three-criteria analysis suggested by the parties. There is a simpler way for the Court to determine whether the parties' settlement is the unreasonable result of unequal bargaining power: Review the actual settlement. *See, e.g., Branson v. Pulaski Bank*, No. 4:12-cv-01444-DGK, 2015 WL 139759, at *3-5 (W.D. Mo. Jan 12, 2015).

Third and finally, even if the Court were inclined engage in a multiple factor analysis, it would not use the three criteria suggested by the parties because they are not reliable indicators of whether a settlement is the product of unequal bargaining power. The presence of the first criterion—that the lawsuit is not a collective action—actually suggests that the employee is in a

3

*weaker* bargaining position. An employee who is representing a certified collective action class is in a stronger position to negotiate favorable settlement terms. In fact, the employee is in such a stronger position that in reviewing a collective action settlement, the court must ensure that the class representative has not leveraged this bargaining power to cut a better deal for him or herself at the expense of the absent class members. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 374-75 (E.D.N.Y. 2013).

Additionally, the second criterion, whether the employee is represented by counsel or not, bears little relationship to the employee's bargaining position. There is nothing remarkable about an employee who has filed an FLSA case being represented by an attorney. FLSA plaintiffs are almost always represented, and hiring an attorney does not remove any imbalance between an employer and employee's bargaining positions. An employee who has a poor FLSA claim or is so financially distressed that he or she is motivated to take the first settlement offer will not be in a better bargaining position just by hiring an attorney. While an experienced FLSA attorney will be able to tell the employee what his or her FLSA claim is worth and so help the client make an informed settlement decision, hiring an attorney will not correct any underlying inequalities in the parties' bargaining positions. This Court, for example, recently denied a proposed FLSA settlement where the employer was able to leverage its superior bargaining power to force an illegal settlement on a group of employees, even though the employees were represented by experienced FLSA counsel. *See Branson*, 2015 WL 139759, at *5-6 (declining to approve a proposed settlement because the settlement was an impermissible waiver of statutory rights forced on the plaintiffs by virtue of the employer's stronger bargaining position in other, unrelated litigation). Although the attorney's advice to accept the proposed settlement was perfectly rational, the settlement was still unlawful. *Id.* Thus, ensuring that the employee is represented during the settlement process is not an adequate safeguard.

4

The third criterion proposed by the parties—whether they want the court to review the settlement or not—is the most puzzling. The Court fails to see how this criterion shows there is little risk that the settlement is the product of unequal bargaining power. On the contrary, the fact that the employer explicitly asks the court not to review the settlement for reasonableness, not even in camera, suggests the employer might be leveraging its superior bargaining power to force a one-sided settlement. The fact that the employee joins this request makes no difference. If the employer were taking advantage of its superior bargaining position to force the plaintiff to settle, it would presumably also pressure the employee to waive judicial inspection as part of the settlement. Hence, the Court is not persuaded by the parties' claim that the fact that they have both asked the Court not to review the settlement makes it *less likely* that the settlement is the product of unequal bargaining power.

The Court recognizes there are legitimate reasons the parties might not want the court to review the settlement. Seeking court approval adds another layer of expense, delay, and uncertainty to litigation, and the parties may not see any benefit to it. While valid, these concerns do not change the fact that the applicable law provides that once an employee files an FLSA action against a private employer, a court must approve any settlement in order for the settlement to have a res judicata effect. *Copeland*, 521 F.3d at 1014 (citing *Lynn's Food Stores*, 679 F.2d at 1353). Accordingly, the Court holds it may not dismiss Plaintiff's individual claims under Rule 41(a)(1) without reviewing the proposed settlement.

**B.     The parties may file the proposed settlement under seal, and then the Court will review it.**

The Court now turns to the parties' alternative request to receive the proposed settlement under seal and review it in camera.

As the Court has previously noted, there is a common law presumption that judicial records are open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978);

*Jessup v. Luther*, 277 F.3d 926, 928-30 (7th Cir. 2002) (Posner, J.) ("The general rule is that the record of a judicial proceeding is public."). This presumption is based not only on the values underlying the free-speech and free-press clauses of the First Amendment, but also on the fact that the public cannot adequately monitor the judiciary's performance if records of judicial proceedings are kept secret. *Jessup,* 277 F.3d at 928. Of course, "[i]n most cases when the parties settle, the court does not examine or approve their agreements" because the settlement is a private contract and not part of the court's record. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (ordering a FLSA settlement agreement to be unsealed). But an FLSA settlement must be approved by the court, and once approved it becomes part of the judicial record and is presumptively open to the public. *Jessup*, 277 F.3d at 928-30; *In re Sepracor Inc. FLSA Litig.*, MDL No. 2039-DGC, 2009 WL 3253947, at *1-2 (D. Ariz. Oct. 8, 2009) (unsealing a FLSA settlement agreement and noting a strong presumption for keeping FLSA settlement agreements unsealed and available for public view); *Stalnaker*, 293 F. Supp. 2d at 1263 (noting the presumption in favor of openness is strongest when the document at issue is an FLSA wage-settlement agreement).

In the present case there is no assertion that the proposed settlement concerns any highly sensitive matter, like the an informant's identity or national security matters, which would rebut the presumption in favor of openness and justify sealing the record. *See Jessup*, 277 F.3d at 928; *In re Sepracor*, 2009 WL 3253947, at *1 (holding a confidentiality provision was an insufficient interest to overcome the presumption in unsealing FLSA settlement). That said, the parties have made a preliminary showing that the proposed settlement references particularly sensitive business information that might be very damaging to Defendant if released and so this information should be sealed or redacted. The Court cannot make this determination at the present time, however, because the parties have not provided the actual settlement agreement.

6

Accordingly, this portion of the motion is GRANTED IN PART. The parties are granted leave to file the proposed settlement agreement itself under seal. The Court will review whatever is filed and make a preliminary determination whether it should remain sealed. If the Court makes a preliminary determination it should not be sealed, it will notify the parties and give them ample opportunity to brief the issue before making a final decision.

The Court reminds the parties that to approve an FLSA settlement under 29 U.S.C. § 216(b), the Court must find that: (1) the litigation involves a bona fide wage and hour dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains an award of reasonable attorneys' fees. *Stewart v. USA Tank Sales and Erection Co., Inc.*, No. 12-05136-CV-SW-DGK, 2014 WL 836212, at *1 (W.D. Mo. March 4, 2014). To demonstrate the existence of a bona fide dispute, the parties should provide the district court with: (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* at *2 (citing *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan 19, 2012)). The parties' suggestions in support of the motion to approve the settlement should include this information so the Court can conduct an informed review of the proposed settlement.

**IT IS SO ORDERED.**

Date: July 20, 2015  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT