IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NATASHA MONTEZ-FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-0144-DGK |
| | ) | |
| B&C RESTAURANT CORPORATION, | ) | |
| d/b/a THE HEREFORD HOUSE | ) | |
| AND SKIVERS CORPORATION, d/b/a | ) | |
| ANDERSON RESTAURANT GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPROVING FLSA SETTLEMENT

This case arises out of Plaintiff's employment as a server and bartender with Defendant B&C Restaurant Corporation d/b/a The Hereford House. Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Missouri state law, Mo. Rev. Stat. § 290.500, by willfully failing to pay her the minimum wage and overtime compensation due. Defendant denies the allegations.

Now before the Court is the parties' joint motion for approval of settlement (Doc. 33). For the following reasons, the motion is GRANTED.

**Background**

On February 12, 2014, Plaintiff Natasha Montez-Freeman filed this FLSA collective action against Defendant on behalf of herself and all others similarly-situated. After the Court denied without prejudice the parties joint motion to certify a collective action class, the parties reached a proposed settlement ("the Settlement") of Plaintiff's individual claim only. On March 23, 2015, Plaintiff filed a "Joint Stipulation of Dismissal with Prejudice" in which she purported to dismiss her case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). The Court struck this motion because the Eighth Circuit has ruled that where an employee has sued a

private employer for violating the FLSA, in order for any settlement to have a res judicata effect, it must be (1) approved by the court as a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and (2) entered by the court as a stipulated judgment.

On June 19, 2015, the parties filed a joint motion to dismiss Plaintiff's individual claims with prejudice and the class claims without prejudice. The parties argued the Court should permit Plaintiff to dismiss this lawsuit under Rule 41(a)(1) without court review of the Settlement.[1] The Court denied the motion, reiterating its prior holding that controlling Eighth Circuit precedent required the Court to approve any settlement in order for a settlement to have a res judicata effect.

The parties subsequently filed the pending motion for approval and a copy of the Settlement (Doc. 34). The essential terms of the Settlement are that Defendant will pay Plaintiff $5,000 for all of her back wages plus liquidated damages, and Defendant will pay Plaintiff's counsel $10,000 in attorneys' fees. In return, Plaintiff agrees to dismiss her FLSA claims against Defendant with prejudice; Plaintiff's counsel agree not to file any other claims against Defendant for two years; and the parties agree to keep the Settlement confidential.

**Standard**

An employee may compromise or waive an FLSA claim "if [the] employee brings suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment" on the settlement after scrutinizing the settlement for fairness. *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (noting that FLSA rights can only be compromised in a court action where the employee initiates the lawsuit against the employer);

---

[1] The parties' rationale was that: (1) the Settlement compromised her individual claims only; (2) Plaintiff was represented by an attorney; and (3) both parties indicated in writing that they did not want the Court to review the Settlement. The Court rejected this reasoning because even if Eighth Circuit precedent did not require the Court to review the Settlement, the proposed criteria were not reliable indicators of whether the Settlement was the product of unequal bargaining power. Order (Doc. 31) at 3-5.

2

Case 4:14-cv-00144-DGK   Document 35   Filed 01/26/16   Page 2 of 5

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement under 29 U.S.C. § 216(b), the court must find that: "(1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains an award of reasonable attorneys' fees." *Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *3 (D. Kan. Oct. 15, 2012).

Public policy favors settlements of FLSA claims. *Lynn's Food Stores*, 679 F.2d at 1354. In reviewing a proposed settlement, a court must not substitute "its own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) (rejecting objectors' appeal of a district court's order approving a proposed settlement in a class action case).

**Discussion**

The Court finds the Settlement satisfies all of the prerequisites for approval.

**A.     The parties have shown a bona fide wage and hour dispute exists.**

To demonstrate a bona fide wage and hour dispute exists, the parties must provide the reviewing court with the following information:

> (1) a description of the nature of the dispute (for example, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 162403, at *3 (D. Kan. Jan. 19, 2012).

3

The parties have demonstrated a bona fide dispute exists concerning Defendant's use of the "tip credit."[2] Defendant employed Plaintiff as a server and bartender in its restaurant. Plaintiff contends she spent a substantial amount of her time—more than twenty percent—on non-tip producing activities while waiting tables for Defendant. Plaintiff estimates Defendant owes her the difference between the full minimum wage ($7.25 at the time), and the tip credit amount ($3.65) for more than twenty percent of her hours worked and up to one hundred percent of her hours worked on certain shifts when she was required to tip pool with non-servers. She estimates she worked for Defendant about thirty hours per week for thirty-six weeks. Defendant denies this and contends that even if true, Plaintiff's damages would be nominal.

Thus, a bona fide dispute exists.

**B.      The Settlement is fair and equitable to all parties.**

To evaluate the fairness and equitableness of an FLSA settlement, the Court considers the following factors:

> (1) at what stage of the litigation the settlement was reached, and the complexity, expense, and likely duration of the remaining litigation; (2) how the settlement was negotiated, *i.e.*, whether there are any indicia of collusion; (3) class counsel, the parties, and the class members' opinions about the settlement; and (4) whether the present value of the settlement outweighs the potential recovery after continued litigation.

*McGee v. Concentra Health Servs., Inc.*, No. 12-CV-1277-W-DGK, 2015 WL 58532, at *3 (W.D. Mo. Jan. 5, 2015) (internal quotation marks omitted).

Collectively, these factors favor approving the Settlement. Although the parties reached the Settlement before performing substantive motion work, Plaintiff appears to have engaged in meaningful discovery, and the Settlement is the product of arms-length negotiations. Further,

---

[2] The "tip credit" allows a restaurant to take a credit against the minimum wage if the worker's tips make up for the reduction in hourly pay. The tip credit is unavailable if either the employer fails to properly inform its employees of its use of the tip credit or if the tipped employee spends more than twenty percent of her time performing non-tip-producing activities. *See, e.g.*, *DOL Fact Sheet #15*, http:/dol.gov/whd/regs/compliance/whdfs15.pdf (last visited January 11, 2016).

4

Case 4:14-cv-00144-DGK   Document 35   Filed 01/26/16   Page 4 of 5

Plaintiff has embraced the Settlement, and since she has declined to pursue class certification, the Court has no concerns whether absent class members are receiving adequate value for their claims. Finally, the Court accepts Plaintiff's counsels' representations that Plaintiff's recovery is more than what she could reasonably expect to recover if this case went to trial.

**C.  The Settlement provides for a reasonable award of attorneys' fees.**

Finally, the Settlement provides for a reasonable award of attorneys' fees. The FLSA entitles a prevailing plaintiff to an award of fees and costs, and although the court has discretion in determining what a reasonable fee is, a fee award is mandatory. *Gambrell*, 2012 WL 162403, at *2. Because the Settlement provides Plaintiff with some benefit, she is the prevailing party and her attorneys are entitled to a reasonable fee.

The Court accepts Plaintiff's counsels' representations that they have spent an estimated one hundred hours on this case. Given the amount of hours worked, the Court finds counsel's fee in this case is reasonable.

Because the relevant factors support approval, the Court GRANTS the parties' joint motion for settlement approval (Doc. 33).

**IT IS SO ORDERED.**

Date: <u>January 26, 2016</u>                /s/ Greg Kays
                                             GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT